UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALMA GARDNER | CIVIL ACTION |
| VERSUS | NO: 2:23-cv-4620 |
| ALLSTATE INSURANCE COMPANY | SECTION: T (1) |

### ORDER AND REASONS

Before the Court is Defendant Allstate Insurance Company's ("Allstate") Motion for Summary Judgment (R. Doc. 18.) For the following reasons, the Motion is **GRANTED.**

### BACKGROUND

This case concerns alleged property damage from Hurricane Ida on August 29, 2021. R. Doc. 1. Plaintiff, Alma Gardner, filed this breach of contract action against Allstate alleging that it failed to timely pay covered insurance proceeds. *Id.* Allstate moved for summary judgement on August 22, 2024. R. Doc. 18. The submission date was September 11, 2024. Plaintiff has not filed any opposition. Therefore, the Motion is deemed unopposed.

In this Hurricane Ida property damage insurance case, Plaintiff seeks recovery for losses pursuant to Allstate Insurance Policy number 0000810647748 ("the Policy"). *See generally* R. Doc. 1. Allstate argues it is entitled to summary judgment because it is undisputed that the alleged losses were excluded under the Policy. R. Doc. 18 at 1. Allstate issued Plaintiff an insurance policy and the Policy was effective during Hurricane Ida. *Id*. However, the Policy contained a Windstorm and Hail Exclusion. *Id.* The Windstorm and Hail Exclusion states:

**"Windstorm And Hail Exclusion Endorsement - AVP212**

1

> In **Section I—Your Property** the following changes are made:
>
> A. In **Losses We Do Not Cover Under Coverages A and B**, under paragraph A, the following item is added: **Windstorm** or Hail.
>
> **We** do cover sudden and accidental direct physical loss caused by fire or explosion resulting from Windstorm or Hail."

*Id.* 2-3. Because the Windstorm and Hail Exclusion unambiguously excludes damages from Windstorms, Allstate argues it did not provide coverage for Plaintiff's property losses that arose from "the winds and rains of Hurricane Ida." *Id.* at 2.

## LAW & ANALYSIS

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008). The party seeking summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Once the movant does so, the burden shifts to the nonmovant to establish an issue of fact that warrants trial." *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 420 n.4 (5th Cir. 2016).

In *Sims v. Mulhearn Funeral Home, Inc.*, 956 So. 2d 583 (La. 2007), the Louisiana Supreme Court laid out the comprehensive framework for interpreting insurance policies under

2

Louisiana law. The *Sims* Court explained, "[i]n analyzing insurance policies, certain elementary legal principles apply. An insurance policy is a contract between the parties and should be construed using the general rules of interpretation of contracts set forth in the Civil Code." *Id*. at 588–89 (citations removed). According to the general rules of interpretation of contracts, the court must determine the parties' common intent. *Id*. at 589 (citations removed); *see also* La. Civ. Code art. 2045. Courts begin their analysis of the parties' common intent by examining the words of the insurance contract itself. *See* La. Civ. Code art. 2046. In ascertaining the common intent, words and phrases in an insurance policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning, in which case the words must be ascribed their technical meaning. *See* La. Civ. Code art. 2047. When the words of an insurance contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent and courts must enforce the contract as written. *See* La. Civ. Code art. 2046.

Under Louisiana law, the insured bears the burden of establishing that a claim falls within the policy coverage. *See, e.g.*, *Bayle v. Allstate Ins. Co*., 615 F.3d 350, 362 (5th Cir. 2010); *Doerr v. Mobil Oil Corp*., 774 So. 2d 119, 124 (La. 2000). If the insured carries this burden, the insurer then bears the burden of proving the applicability of an exclusionary clause within the policy. *Doerr*, 774 So. 2d at 124.

Here, the Windstorm and Hail Exclusion in the Policy is evidently plain. "In Losses [Allstate] Do[es] Not Cover…the following item is added: **Windstorm** or Hail." R. Doc. 18 at 1-2. "Windstorm" is defined in the Policy to "mean[] wind with or without precipitation." *Id.* Exhibit

3

A at p 13. Under the plain meaning, Allstate does not cover any losses from a "Windstorm," which includes wind with precipitation, in this case Hurricane Ida. This result is neither absurd, against public policy, nor contrary to statutory law. *See Scarborough v. Travelers Ins. Co.*, 718 F.2d 702, 709 (5th Cir. 1983). This district has also routinely held that similar Allstate Windstorm and Hail Exclusions are enforceable and preclude recovery for alleged property damage from hurricanes. *See, e.g.*, *Freemon v. Allstate Indem. Co.*, No. CV 23-4809, 2024 WL 183489, at *2 (E.D. La. Jan. 17, 2024); *Pierce v. Allstate Ins. Co.*, 542 F. Supp. 2d 495, 499 (E.D. La. 2008). With clear and explicit language, no further inquiry is allowed. *See* La. Civ. Code art. 2046. As written, it is undisputed that Plaintiff's alleged losses from Hurricane Ida are excluded under the Policy. Accordingly,

**IT IS ORDERED** that Allstate's Motion for Summary Judgment, R. Doc. 18, is **GRANTED** and all claims asserted by Plaintiff are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this 1st day of November 2024.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE